SO ORDERED.

SIGNED this 12th day of January, 2012.



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **BROOKE CORPORATION, et. al.,** | CASE NO. 08-22786 |
| | **(jointly administered)** |
| Debtors. | **CHAPTER 7** |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc., | |
| and | |
| **BROOKE AGENCY SERVICES COMPANY, LLC** | |
| Plaintiffs, | |
| v. | ADV. NO. 10-06230 |
| **FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA,** | |
| Defendant. | |

# MEMORANDUM OPINION AND ORDER
# DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT AND
# GRANTING DEFENDANT'S MOTION TO STRIKE

In this adversary proceeding the Chapter 7 Trustee for Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments (collectively "Brooke") and Brooke Agency Services Company, LLC ("BASC") seek an accounting and payment of Profit Sharing Proceeds allegedly owed to BASC by defendant Farmers Mutual Insurance Company of Nebraska ("Farmers") for the period January 1 through January 31, 2008. Even though discovery has not commenced, both parties seek summary judgment. The Court finds material facts are in controversy and denies both motions. The Court also grants Farmers' motion to strike the factual portion of a response brief filed by BASC.

**UNCONTROVERTED FACTS.**

The following facts were presented by Farmers in its motion for summary judgment. BASC did not controvert these facts and also relied upon the same facts when moving for summary judgment.

Plaintiff BASC entered into an agency contract with Farmers in August 2002. The contract provided for Farmers to pay BASC annual commissions to Farmers under two programs - one based upon underwriting experience and the other on premium volume. But, the agency was not eligible to participate in the bonus program for the year in which termination of the agency contract occurred.

On May 16, 2008, in a phone conversation, Farmers was informed by BASC that BASC was closing its office. In July 2008 four individual BASC agents who owned their own books of business left BASC to form their own agency. As a result BASC released all interest in Farmers
2

policies that were a part of those agents' books of business.  BASC transferred any remaining Farmers policies to another agent of BASC, with whom Farmers entered into a temporary agency contract for the purpose of allowing the agent to service the Farmers' policies until they came up for renewal at which time those customers had to be insured with another insurer.  For 2008, based upon the bonus formulae and the business conducted by BASC for Farmers, the profitability bonus amount was zero and the premium volume bonus amount was $5,220.

The Court notes that the agency contract provides that the written agreement contains the entire agreement of the parties and that "it may be terminated by either party at any time by written notice to the other."

**FARMERS' MOTION FOR SUMMARY JUDGEMENT IS DENIED.**

Farmers moves for summary judgment arguing that the foregoing facts establish that the agency contract with BASC was terminated in 2008 and therefore Farmers has no liability to BASC for the premium bonus.  BASC responds that facts show certain BASC agents set up their own agency but do not include any evidence that the agency contract between Farmers and BASC was formally terminated.  BASC also points out that there has been no discovery in this case and summary judgment is rarely granted when there has been no opportunity to conduct discovery.

The Court agrees that the uncontroverted facts fail to establish that the agency contract between BASC and Farmers was formally terminated.  Farmers is not entitled to judgment in its favor.

**BASC'S MOTION FOR SUMMARY JUDGMENT IS DENIED.**

BASC moves for summary judgment based upon the foregoing uncontroverted facts submitted by Farmers. BASC contends that since Farmers has not shown a formal termination of the agency contract, BASC is entitled to the premium volume bonus of $5,220. Farmers responds with precisely the same arguments as it presented in support of its own motion for summary judgment.

The Court denies the motion. There has been no discovery and whether the agency contract was terminated for purposes of entitlement to the 2008 bonus is controverted.

**FARMERS' MOTION TO STRIKE THE STATEMENT OF FACTS INCLUDED IN BASC'S REPLY TO FARMERS' RESPONSE TO BASC'S MOTION FOR SUMMARY JUDGMENT IS GRANTED.**

When moving for summary judgment, BASC incorporated by reference the statement of facts included in Farmers' memorandum in support of its own motion for summary judgment and provided no additional facts. Farmers' response limited its factual statement to expressly stating those same facts. However, in its reply to Farmers' response to BASC's motion, BASC set forth, for the first time, a full statement of the facts on which it relies, which statement varies somewhat from that which it incorporated by reference when submitting its memorandum in support of its motion. Farmers' moves to strike the factual statement for noncompliance with the local rules governing summary judgment.

The Court grants the motion to strike. The rules governing summary judgment provide for the movant to present the allegedly uncontroverted facts on which it relies in the memorandum filed in support of the motion. Facts are to be included in a reply brief only in response to additional facts presented by the nonmoving party in its responsive brief. Since

4

Farmers' response brief included only the precise facts which BASC incorporated by reference into its supporting brief, there was no basis for BASC to set forth additional facts in its reply brief.

**CONCLUSION.**

For the foregoing reasons, Farmers' motion for summary judgment is denied, BASC's motion for summary judgment is denied, and Farmers' motion to strike the facts stated in BASC's reply to Farmers' response to BASC's motion for summary judgment is granted.

**IT IS SO ORDERED.**

###