**SO ORDERED.**

**SIGNED this 15th day of May, 2012.**



Dale L. Somers
United States Bankruptcy Judge

_____

Designated for on-line use but not print publication

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: <br><br> **BROOKE CORPORATION, et. al.,** <br><br> Debtors. | CASE NO. 08-22786 <br> (jointly administered) <br> CHAPTER 7 |
| **CHRISTOPHER J. REDMOND,** Chapter 7 Trustee of Brooke Corporation, Brooke Capital Corporation, and Brooke Investments, Inc. and <br><br> **BROOKE AGENCY SERVICES COMPANY, LLC,** <br><br> Plaintiffs, <br><br> v. <br><br> **FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA,** <br><br> Defendant. | <br><br><br><br><br><br><br><br> ADV. NO. 10-06230 |

# MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this adversary proceeding the Chapter 7 Trustee for Debtors Brooke Corporation, Brooke Capital Corporation, and Brooke Investments (collectively "Brooke") and Brooke Agency Services Company, LLC ("BASC") seek an accounting and payment of Profit Sharing Proceeds allegedly owed to BASC by defendant Farmers Mutual Insurance Company of Nebraska ("Farmers"). Even though discovery had not commenced, both parties moved for summary judgment. By Memorandum Opinion and Order Denying Cross Motions for Summary Judgment and Granting Defendant's Motion to Strike, signed on January 12, 2012, the Court denied the motions for summary judgment. Defendant Farmers on February 9, 2012 filed a motion to alter or amend the denial of its motion for summary judgment (Motion).[1]

The Motion is denied. D. Kan. Rule 7.3 (Local Rule 7.3)[2] addresses motions to reconsider. Subsection (a) provides that parties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60. Rule 59 addresses new trials and alteration or amendment of judgments. Under subsection (e), a Rule 59 motion must be filed no later than 28 days after the judgment. Subsection (b) of Local Rule 7.3 addresses motions to reconsider non-dispositive orders as follows:

---

[1] Dkt. 24.

[2] The rules of the District Court for the District of Kansas, where applicable, apply in bankruptcy proceedings. Preface to the Local Rules of the United States Bankruptcy Court for the District of Kansas, at page viii.

2

> Parties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time. A motion to reconsider must be based on:
> (1) an intervening change in controlling law;
> (2) the availability of new evidence; or
> (3) the need to correct clear error or prevent manifest injustice.

The authorities cited by Farmers in its Motion are Federal Rule of Civil Procedure 59(e) and Local Rule 7.3. Since Farmers cites Rule 59(e) and the Motion was filed 28 days after the signing of the January 12, 2012 order, the Court assumes that Farmers regards the January 12, 2012 order as dispositive. But, since that order denied cross motions for summary judgment, it did not deny any claims and therefore was non-dispositive.[3] Rule 59(e) is not applicable.[4] Rather, Farmers' Motion is governed by subsection (b) of the Local Rule 7.3.

However, Farmers is not entitled to relief under subsection (b) for two reasons. First, its Motion is untimely under Local Rule 7.3(b). A motion to reconsider a non-

---

[3] *Faith Technologies, Inc. v. The Fidelity & Deposit Co. of Md.*, 2011 WL 3793970 (D. Kan. Aug. 25, 2011) (holding that Local Rule 7.3(b) applies to motions to reconsider the denial of summary judgment).

[4] If Rule 59 were applicable, the Court would deny the Motion. Although the Motion was timely filed under subsection (e) of Rule 59, it alleges insufficient grounds for relief. A motion to reconsider the grant of a motion for summary judgment "is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Benedictine College, Inc. v. Century Office Products, Inc.*, 866 F. Supp. 1323, 1326 (D. Kan. 1994). The only argument in support of reconsideration asserted by Farmers is that the Court should have granted it summary judgment based upon the doctrine of impossibility of performance. But that theory that was not even presented in support of Farmers' motion for summary judgment. Relief from a judgment under Rule 59 is not available based upon arguments which were available for presentation when the original motion for summary judgment was briefed. *Id*.

dispositive order must be filed within 14 days after the order is filed.  Farmers' Motion was filed on February 9, 2012, which was 28 days after the signing of the January 12, 2012 order.  Second, the Motion does not allege any of the grounds for relief stated in the Local Rule 7.3(b).  There is no suggestion of an intervening change in controlling law, the availability of new evidence, or that the Court committed clear error.  No manifest injustice can result from the denial of a motion for summary judgment, since such the party's substantive rights are not affected.  The Motion fails to satisfy the grounds for reconsideration under Local Rule 7.3(b).

For the foregoing reasons, Farmers Motion to alter or amend the order denying its motion for summary judgment is denied.

**IT IS SO ORDERED.**

###